BOYCE F. MARTIN, JR., Circuit Judge,
with whom WHITE, Circuit Judge, joins, concurring. I concur fully in the lead opinion. I write separately to make two comments.
First, Mr. Viergutz’s pro se brief makes it clear that he feels wronged. I do not doubt that his feelings are genuine. It is equally clear that this feeling is compounded by what he perceives as a system stacked against him. He states numerous times that all he seeks is his day in court. He comments, candidly and poetically, that he “must have failed to properly present my case. In my formal complaint I thought I sincerely explained it joroperly. I truly believe that justice should not be only for the individuals who can afford it.” I could not agree more. For that reason, I have devoted significant effort to ensure that dismissing Mr. Viergutz’s claims is the right result under the law and not merely the product of a legal mismatch. I am convinced that the result would have been the same even had Mr. Viergutz had the services of a lawyer, the only difference being that Mr. Viergutz has saved himself substantial expense in attorney’s fees. In these kinds of cases, it is all too common that pro se litigants perceive our affirmance of the dismissal of their claims as just another example of a rigged, self-protecting system. It is my sincere hope that Mr. Viergutz walks away knowing that he did receive his day in court and that nothing he or anyone else could have done would have changed the outcome.
Second, I feel compelled to compliment counsel for Lucent on his presentation of the issues in his brief to this Court. It is not uncommon that we see briefs, especially in civil cases, replete with counterproductive hostility towards the opposing party and counsel, and to a heightened degree in cases involving pro se litigants. Lawyers often view pro se litigants as a nuisance not worth the time required to draft a proper brief, and so they instead vent their frustrations by writing briefs heavy on scorn and condescension but light on utility. Counsel for Lucent, on the other hand, dispassionately set forth the relevant facts and issues, even those that were not helpful to his case. Counsel’s brief struck the proper balance between objectively de *487 scribing the record and relevant law and zealously advocating his client’s position. This approach is very helpful to judges when the opposing brief, submitted by a pro se litigant, understandably does not present a clear picture of the facts and the applicant law. This approach is also tactically advantageous as it establishes credibility with the reader. I therefore applaud counsel’s efforts and encourage other attorneys to follow suit.